UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FUNCTIONAL GOVERNMENT
INITIATIVE,

      Plaintiff,

  v.

WHITE HOUSE COUNSEL ON
ENVIRONMENTAL QUALITY,

      Defendant.

Civil Action No. 24-2760 (CJN)

## ANSWER

Defendant Council on Environmental Quality ("CEQ"), through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff Functional Government Initiative (hereafter "Plaintiff") in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

**SECOND DEFENSE**

To the extent the agency has potentially responsive records, Plaintiff is not entitled to compel the production of any record or portion of any record exempt from disclosure by one or more exemptions enumerated in the FOIA, *see* 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a.

**THIRD DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

**FOURTH DEFENSE**

Plaintiff is not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

**FIFTH DEFENSE**

Plaintiff's request fails to comply with the requirements of FOIA to the extent it imposes an undue burden.

**SIXTH DEFENSE**

Defendant has exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of the FOIA request.  *See* 5 U.S.C. § 552(a)(6)(B)(i).

**RESPONSES TO NUMBERED PARAGRAPHS**

Defendant responds below to the separately numbered paragraphs and prayer for relief contained in the Complaint.  To the extent that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## JURISDICTION AND VENUE[1]

1.      The allegations contained in Paragraph 1 constitute Plaintiff's conclusions of law regarding subject matter jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction subject to the terms and limitations of the FOIA, 5 U.S.C. § 552.

2.      The allegations contained in Paragraph 2 constitute Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District for proper FOIA actions.

## PARTIES

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the facts asserted in Paragraph 3.

4.      Defendant admits that it is an agency within the meaning of FOIA. The remaining allegations in Paragraph 4 assert conclusions of law to which no response is required.

## STATEMENT OF FACTS

5.      Defendant admits that Plaintiff submitted a FOIA request dated March 8, 2024, that sought certain records of five referenced individuals for a period of over three years, as set forth more fully in the FOIA request. Defendant refers the Court to Exhibit A of Plaintiff's complaint (ECF No. 1-2). In further response, Defendant refers the Court to Exhibit A for a complete and accurate statement of the contents of Plaintiff's FOIA request and denies the allegations in Paragraph 5 to the extent inconsistent with the content of that request. The remaining allegations

---

[1]     For ease of reference, the Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

in Paragraphs 5 assert conclusions of law to which no response is required. To the extent any further response is deemed required, the allegations in this paragraph is denied.

    6-7.    The allegations in Paragraphs 6-7 assert conclusions of law to which no response is required. To the extent any further response is deemed required, the allegations in these paragraphs are denied.

    8.    Defendant admits that, as of the date the Complaint was filed, Defendant did not provide any further written communications to Plaintiff regarding the request other than a March 11, 2024, acknowledgment email. The remaining allegations in Paragraph 8 assert conclusions of law to which no response is required. To the extent any further response is deemed required, the allegations in this paragraph is denied.

    9.    The allegations in Paragraph 9 assert conclusions of law to which no response is required. To the extent any further response is deemed required, the allegations in this paragraph is denied.

### FGI'S FOIA REQUEST FOR RECORDS TO THE COUNCIL ON ENVIRONMENTAL QUALITY RELATING TO THE "AMERICA THE BEAUTIFUL" INITIATIVE

    10.    Defendant admits that Plaintiff submitted a FOIA request dated March 8, 2024, that sought certain records of five referenced individuals for a period of over three years, as set forth more fully in the FOIA request. In further response, Defendant refers the Court to Exhibit A for a complete and accurate statement of the contents of Plaintiff's FOIA request and denies the allegations in Paragraph 5 to the extent inconsistent with the content of that request.

    11.    Admitted.

    12.    Defendant admits that, as of the date the Complaint was filed, Defendant did not provide any further written communications to Plaintiff regarding the request other than a March 11, 2024, acknowledgment email. The remaining allegations in Paragraph 12 assert conclusions

of law to which no response is required. To the extent any further response is deemed required, the allegations in this paragraph is denied.

## CAUSE OF ACTION

13. Defendant realleges and incorporates by reference its responses to Paragraphs 1-12 of this Answer as if fully stated herein.

14-15. The allegations in Paragraphs 14-15 contain Plaintiff's conclusions of law to which no response is required. To the extent any response is required, the allegations in these paragraphs are denied.

## RELIEF REQUESTED

The remainder of Plaintiff's Complaint contains Plaintiff's request for relief to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

Dated:  November 7, 2024
        Washington, DC

                Respectfully submitted,

                MATTHEW M. GRAVES, D.C. Bar #481052
                United States Attorney

                BRIAN P. HUDAK
                Chief, Civil Division

                By: */s/ Brenda González Horowitz*
                    BRENDA GONZÁLEZ HOROWITZ
                    D.C. Bar No. 1017243
                    Assistant United States Attorney
                    601 D Street N.W.
                    Washington, D.C. 20530
                    202-252-2512
                    Brenda.Gonzalez.Horowitz@usdoj.gov

                    *Attorneys for the United States of America*